

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00066-CR

---

JACK H. MEYER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law
Nacogdoches County, Texas
Trial Court No. CF1800517

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Jack H. Meyer admitted to a Nacogdoches County jury that he drove with an expired registration, the jury found him guilty of the misdemeanor offense, and he was ordered to pay a $150.00 fine and $174.00 in court costs.[1]  Meyer appeals.[2]

The record in this case indicates that Meyer claims to be a "sovereign citizen," "a loosely-formed group of citizens who believe that they are sovereign individuals, beyond the reach of any criminal court." *Lewis v. State*, 532 S.W.3d 423, 430 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).  "These so-called 'sovereign citizens' share a common vernacular and courtroom strategy." *Id.*  "Courts across the country have encountered their particular brand of obstinacy," including "raising nonsensical challenges to subject[-]matter jurisdiction."  *Id.* at 430–31.  Meyer's arguments on appeal are no different.

Meyer argues that the trial court lacked jurisdiction and that Texas law does not apply to him because he is a sovereign citizen.  It is well-established, however, that such "sovereignty" arguments are frivolous and that a person's claim of "[sovereign] status is, at this point in our history, imaginary." *Barcroft v. County of Fannin*, 118 S.W.3d 922, 926 (Tex. App.—Texarkana 2003, pet. denied); *see Lewis v. State*, 532 S.W.3d 423, 430–31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).  In fact, we have found these arguments frivolous when raised by Meyer in a

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[2]Meyer also admitted that he was driving without insurance or a valid driver's license.  He also appeals from his convictions for (1) failing to maintain financial responsibility in cause number 06-19-00067-CR and (2) driving without a valid driver's license in cause number 06-19-00068-CR.

prior appeal.  *Meyer v. State*, No. 06-16-00078-CR, 2016 WL 7321444, at *1 (Tex. App.—Texarkana Dec. 16, 2016, pet. ref'd) (mem. op., not designated for publication).  This is because "the presentation of an indictment or information vests the trial court with jurisdiction over the case."  *Williams v. State*, 356 S.W.3d 508, 519 (Tex. App.—Texarkana 2011, pet. ref'd) (citing TEX. CONST. art. V, § 12; *Studer v. State*, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990)).

Because the record establishes that the trial court had subject-matter jurisdiction and we find Meyer's sovereign citizen-related complaints meritless, we overrule his sole point of error on appeal.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    September 5, 2019
Date Decided:      September 11, 2019

Do Not Publish